## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA KATZ HARGREAVES | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 10-2037 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## MEMORANDUM

J. WILLIAM DITTER, JR., Sr. J                                        MAY  16, 2011

Upon consideration of the brief in support of request for review filed by plaintiff

as part of her motion not to have her case dismissed (Doc. No. 12) and defendant's response

thereto (Doc. No. 14) , the court makes the following findings and conclusions:

1.       On April 4, 2007, Jessica Katz Hargreaves, ("Hargreaves") filed an
application for supplemental security income under Title XVI of the Social Security Act, 42
U.S.C. §§ 1381-1383f, for a period of benefits between July 2006 and July 2009.  (Tr. 2; 80; 128-
34).  Throughout the administrative process, including an administrative hearing held on
December 10, 2008 before an ALJ, Hargreaves's claims were denied.  (Tr. 11-19; 20-55; 94-98).
After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Hargreaves filed her
complaint in this court on May 10, 2010.  (Tr. 1-6; Doc. No. 4).

2.       In his February 12, 2009 decision, the ALJ concluded, *inter alia*, that: (1)
Hargreaves had a severe mood disorder; (2) her impairments did not meet or equal a listing; (3)
she had the RFC to perform work at all exertional levels with no detailed instructions; (4) she
could perform work existing in significant numbers in the national economy; and (5) she was not
disabled.  (Tr. 11 ¶ 5; 13 Findings 2 & 3; 13 ¶ 5 - 15 ¶ 1; 15 Finding 4; 18 Finding 9; 19 Finding
10; 19 ¶¶ 2 -3).[1]

3.       This Court has plenary review of legal issues, but it reviews the ALJ's
factual findings to determine whether they are supported by substantial evidence.  Schaudeck v.
Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial
evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a
conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v.
NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir.
1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v.
Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).   If the conclusion of the ALJ is supported by

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

        4.      Hargreaves raises three arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. These arguments are addressed below.  However, upon independent consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

        A.      Hargreaves' first contention is that, before concluding that she did not meet or equal a listing, the ALJ failed to identify any particular listings that he considered and failed to provide any discussion of why he concluded Hargreaves did not meet or equal a listed impairment.  This argument is perplexing in that it is facially meritless.  The ALJ specifically stated in his decision that, while he considered all of the listings, he gave particular consideration to the listings in section 12.00 (mental disorders).  (Tr. 13 ¶ 5).  The ALJ then continued by analyzing for over a page, why he concluded that Hargreaves did not meet or equal the various criteria in listing 12.04 (Affective Disorders).  (Tr. 13 ¶ 6 - 15 ¶ 1).  As a result, Hargreaves' contention must fail.

        B.      Hargreaves next argues that the ALJ erred by failing to elicit testimony from a vocational expert ("VE") regarding what jobs she could perform.  Typically, when the ALJ finds that a claimant has non-exertional limitations, as in this case, and those non-exertional limitations erode the claimant's occupational base, the ALJ will use the Medical Vocational Guidelines ("the Grids") as a starting point for evaluating whether the claimant can perform work.  S.S.R. 85-15.  Then, the ALJ will often consult a VE regarding how much of the claimant's occupational base has been eroded by the non-exertional limitations.  Id.; 20 C.F.R. § 416.966(d)-(e).

        While the ALJ did find a non-exertional limitation and did not consult a VE, the ALJ explained that the non-exertional limitation of requiring work without detailed instructions did not appreciably erode the occupational base of unskilled work.  (Tr. 18 ¶ 4 - 19 ¶ 2).  Because there was little to no erosion of the occupational base, there was no need to consult a VE.  S.S.R. 85-15.  Therefore, Hargreaves assertion to the contrary is incorrect.

        C.      Third, Hargreaves alleges that the ALJ failed to adequately explain why he did not give great weight to: (1) the October 8, 2008 report of her treating psychiatrist, John F. Campion, M.D., that she could not work[2]; and (2) the testimony of her parents.  See (Tr. 33-51; 365-68).  I disagree.  In his decision, the ALJ detailed both parents' testimony and opined that the testimony was not fully credible in light of the unimpressive medical record, lack of significant treatment, the findings in a June 21, 2007 consultative report

---

[2] I note that the issue of whether a claimant can work is reserved for the Commissioner and a physician's opinion thereon is not entitled to any special significance.  20 C.F.R. § 416.927(e); S.S.R. 96-5p.

and a state agency evaluation, her activities of daily living, and her demeanor at the hearing. (Tr. 15 ¶ 5 - 18 ¶ 2); See (Tr. 270-76; 277-90). In addition to the factors listed above, the ALJ also specifically limited the weight of Dr. Campion's opinion because it was not substantiated by any treatment notes or the moderate GAF scores found in the record. (Tr. 16 ¶ 4; 18 ¶ 1). I find that the ALJ adequately discharged his duty to examine and discuss the contradictory medical evidence and the testimony of the witnesses. Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (holding that the ALJ "must give some indication of the evidence that he rejects and his reason(s) for discounting that evidence"); Burnett v. Comm. Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000) (finding that the ALJ must also "consider and weigh all of the non-medical evidence before him"). As a result, Hargreaves' argument must fail.

   5.  After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that Hargreaves was not disabled was legally sufficient and supported by substantial evidence. Therefore, Hargreaves' request for relief must be denied and the decision must be affirmed.

   An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JESSICA KATZ HARGREAVES | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  10-2037 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this     16th     day of May, 2011, upon consideration of the brief in support of request for review filed by plaintiff as part of her motion not to have her case dismissed (Doc. No. 12) and defendant's response thereto (Doc. No. 14) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1.  **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by plaintiff is **DENIED**; and

2.  The Clerk of Court is hereby directed to mark this case closed.


_/s/ J. William Ditter, Jr_____
J. WILLIAM DITTER, JR., Sr. J